## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

PATRICK ANTHONY RIBBING,

      Plaintiff,

v.                                                           Case No.  3:20-cv-01413-TKW/MJF

STATE OF FLORIDA, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure to comply with two court orders.[1]

## I.      Background

On January 27, 2020, Plaintiff, a non-prisoner proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 against five defendants. (Doc. 1). He simultaneously filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). Because Plaintiff failed to properly complete the requisite financial affidavit for his

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

motion to proceed *in forma pauperis*, the undersigned denied Plaintiff's motion without prejudice. (Doc. 4). In that order, the undersigned directed Plaintiff to either (1) pay the $400 fee ($350 filing fee and $50 administrative fee) to the clerk of the court, or (2) resubmit a motion for leave to proceed *in forma pauperis* with a properly completed financial affidavit. (*Id.* at 2). The undersigned imposed a deadline of February 27, 2020 for Plaintiff to comply. (*Id.*). This order was returned undeliverable. (Doc. 7). Plaintiff failed to comply by the court-imposed deadline.[2]

On March 3, 2020, the undersigned issued an order directing Plaintiff to show cause—if any—why the case should not be dismissed for Plaintiff's failure to comply with a court order. (Doc. 9). The undersigned imposed a deadline of March 17, 2020 to comply. Plaintiff was warned that his failure to comply likely would result in dismissal of this action for failing to comply with a court order and for failing to properly seek leave to proceed *in forma pauperis*.[3] As of the date of this

---

[2] In that timeframe, Plaintiff submitted two miscellaneous documents. Neither document was a motion to proceed *in forma pauperis*. Moreover, because these documents did not comply with the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Northern District of Florida, the undersigned directed the clerk of the court to return the hard copies of these documents without electronically filing them. (Docs. 5, 6). These orders were returned undeliverable. (Docs. 8, 10).

[3] Plaintiff has also received this warning several times in his other cases in the Northern District of Florida. *See Ribbing v. State of Florida*, No. 3:19-cv-03368-TKW-HTC, (ECF No. 4) (N.D. Fla. Sept. 5, 2019); *Ribbing v. State of Florida*, No. 3:19-cv-03337-RV-HTC, (ECF Nos. 4, 5) (N.D. Fla. Aug. 28, 2019); *Ribbing v. Miami Lakes Properties LL*, No. 3:19-cv-03335-RV-HTC, (ECF Nos. 4, 5) (N.D.

Report and Recommendation, Plaintiff has neither filed a motion for leave to proceed *in forma pauperis* nor paid the $400.00 fee. He has also failed to show cause why he has not complied with the court's orders.

## II.    Discussion

The undersigned recommends that Plaintiff's complaint be dismissed in light of Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.

### A.    <u>Failure to Pay the Filing Fee</u>

Rule 5.3 of the Local Rules for Northern District of Florida provides that "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3. Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1914.

A court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure. *See Wilson v.*

---

Fla. Aug. 28, 2019); *Ribbing v. State of Florida*, No. 3:19-cv-00437-LC-HTC, (ECF Nos. 6, 10) (N.D. Fla. Feb. 22, 2019); *Ribbing v. State of Florida*, No. 3:19-cv-00436-LC-EMT, (ECF Nos. 5, 8) (N.D. Fla. Feb 22, 2019).

*Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002); [4] *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Additionally, Local Rule 41.1 for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order.

Here, Plaintiff's motion for leave to proceed *in forma pauperis* was denied. The undersigned directed the Plaintiff to either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. The undersigned specifically warned Plaintiff that his failure to comply with the court's order likely would result in dismissal. Plaintiff did not pay the filing fee. Nor did he move for leave to proceed *in forma pauperis*. Despite the undersigned issuing an order to show cause, Plaintiff did not explain why he failed to pay the filing fee, move for leave to proceed *in forma pauperis*, or seek an extension of time to comply with the court's order. Thus, pursuant to the local rules, the undersigned recommends that this action be dismissed for failure to pay the filing fee.

---

[4] In *Wilson v. Sargent*, the Court of Appeals reviewed a district court's dismissal of a *pro se* prisoner plaintiff. The Court of Appeals noted that for an imprisoned plaintiff, failure to pay the fee may be beyond his control insofar as payment of the filing fee required authorization for prison officials to withdraw and pay the fee. *Wilson*, 313 F.3d at 1320-21. Here, based on the record before this court, Plaintiff does not appear to be imprisoned. Unlike a prisoner-plaintiff, Plaintiff in this case likely had control of his own money or could have asked for an extension of time.

**B.** <u>**Failure to Comply with Two Court Orders**</u>

The Plaintiff's failure to comply with two court orders is yet another reason to dismiss this case.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop.*, *Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts

may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On January 28, 2020, the undersigned ordered Plaintiff to pay the filing fee or file a motion for leave to proceed *in forma pauperis*. The undersigned imposed a deadline of February 27, 2020 to comply. Thus, Plaintiff has failed to comply with that order since February 27, 2020.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

      a.    the order issued on January 28, 2020; and

      b.    the order issued on March 3, 2020

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 4, 9). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should

he choose to pursue it in the future. Thus, dismissal will not result in substantial prejudice to him.

(5) **The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. Although several of the court's orders have been returned undeliverable, Plaintiff was informed by the clerk of the court that he was required to notify the clerk of the court in writing if Plaintiff's mailing address changed. (Doc. 3). Plaintiff has not notified this court of any change in his address recently. Assuming that his address has changed, Plaintiff's failure to receive and comply with the undersigned's respective orders was entirely Plaintiff's fault. *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (noting that Plaintiff's "failure to receive the court's prior order, and his failure to comply with that order was 'entirely' his own fault" because he failed to keep the court apprised of his current address").The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

(6) **The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is

important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

## III.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee, his failure to comply with two court orders, and his failure to prosecute this case.

2. The clerk of the court be directed to close the case file.

In Panama City Beach, Florida, this <u>24th</u> day of March, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.